JOSEPH W. COTCHETT (SBN 36324)
jcotchett@cpmlegal.com
ANNE MARIE MURPHY (SBN 202540)
amurphy@cpmlegal.com
BRIAN DANITZ (SBN 247403)
bdanitz@cpmlegal.com
KARIN B. SWOPE (PRO HAC VICE pending)
kswope@cpmlegal.com
ANDREW F. KIRTLEY (SBN 328023)
akirtley@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA  94010
Telephone:  (650) 697-6000
Fax:  (650) 697-0577

*Attorneys for Plaintiff Jennifer Yick
and the Proposed Class*

MICHAEL RUBIN (SBN 080618)
mrubin@altber.com
STACEY M. LEYTON (SBN 203827)
sleyton@altber.com
MATTHEW MURRAY (SBN 271461)
mmurray@altber.com
CONNIE K. CHAN (SBN 284230)
cchan@altber.com
**ALTSHULER BERZON, LLP**
177 Post Street, Suite 300
San Francisco, CA  94108
Telephone:  (415) 421-7151
Facsimile:  (415) 362-8064

*Attorneys for Plaintiffs Roland Oosthuizen,
Rosemary Mathews and the Proposed Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JENNIFER YICK**, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**BANK OF AMERICA, N.A.**, and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 3:21-cv-00376-VC<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION TO:**<br><br>**(1) CONSOLIDATE RELATED ACTIONS**<br><br>**(2) APPOINT COTCHETT, PITRE & McCARTHY, LLP AND ALTSHULER BERZON LLP AS INTERIM CO-LEAD COUNSEL, AND PROPOSED EXECUTIVE COMMITTEE**<br><br>Judge:         Hon. Vince Chhabria<br>Courtroom:   4 – 17th Floor<br>Hearing Date: March 25, 2021<br>Hearing Time: 2:00 p.m. |

Joint Motion to Consolidate Related Actions and Appoint Cotchett, Pitre & McCarthy and
Altshuler Berzon as Interim Co-Lead Counsel, and Proposed Executive Committee;
Case No. 3:21-CV-00376-VC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| **This document also relates to:** | |
| **CARLOS RODRIGUEZ,** on behalf of himself and a class of others similarly situated, | Case No.:    3:21-CV-00494-VC |
| | Judge:    Hon. Vince Chhabria |
| Plaintiff, | Action Filed:  1/20/2021 |
| v. | |
| **BANK OF AMERICA, N.A.,** | |
| Defendant. | |
| **This document also relates to:** | |
| **J. MICHAEL WILLRICH,** on behalf of himself and others similarly situated, | Case No.:    3:21-cv-00547-VC |
| | Judge:    Hon. Vince Chhabria |
| Plaintiff, | Action Filed:  1/22/2021 |
| v. | |
| **BANK OF AMERICA, N.A.,** and DOES 1-20, inclusive, | |
| Defendants. | |
| **This document also relates to:** | |
| **LINDSAY MCCLURE,** on behalf of herself and all others similarly situated, | Case No.:    3:21-cv-00572-VC |
| | Judge:    Hon. Vince Chhabria |
| Plaintiff, | Action Filed:  1/25/2021 |
| v. | |
| **BANK OF AMERICA, N.A.,** and DOES 1-20, inclusive, | |
| Defendants. | |

Joint Motion to Consolidate Related Actions and Appoint Cotchett, Pitre & McCarthy and
Altshuler Berzon as Interim Co-Lead Counsel, and Proposed Executive Committee;
Case No. 3:21-CV-00376-VC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| **This document also relates to:**<br><br>**ROLAND OOSTHUIZEN** and **ROSEMARY MATHEWS,** on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>**BANK OF AMERICA, N.A.,** and DOES 1 through 30, inclusive,<br><br>        Defendants. | Case No.:  4:21-cv-00615-VC<br><br>Judge:   Hon. Vince Chhabria<br><br>Action Filed: 1/26/2021 |
| **This document also relates to:**<br><br>**ROBERT L. WILSON,** on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>**BANK OF AMERICA, N.A.,** and DOES 1-20, inclusive,<br><br>        Defendants. | Case No.:  3:21-cv-00699-VC<br><br>Judge:   Hon. Vince Chhabria<br><br>Action Filed: 1/28/2021 |
| **This document also relates to:**<br><br>**CHRISTOPHER MOSSON,** on behalf of himself and others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>**BANK OF AMERICA, N.A.,** and DOES 1-50, inclusive,<br><br>        Defendants. | Case No.:  3:21-cv-00743-VC<br><br>Judge:   Hon. Vince Chhabria<br><br>Action Filed: 1/29/2021 |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| **This document also relates to:** | |
| **CLARA CAJAS,** on behalf of herself and all others similarly situated, | Case No.:       3:21-cv-00869-VC |
| Plaintiff, | Judge:         Hon. Vince Chhabria |
| v. | Action Filed:  2/3/2021 |
| **BANK OF AMERICA, N.A.,** and DOES 1-20, inclusive, | |
| Defendants. | |

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on **March 25, 2021 at 2:00 p.m.**, before the **Honorable Vince Chhabria**, in Courtroom 4 of the United States District Court for the Northern District of California, located at the Phillip Burton Federal Building, 450 Golden Gate Avenue, 17th Floor, San Francisco, California 94102, plaintiffs Jennifer Yick, Roland Oosthuizen, and Rosemary Matthews ("Plaintiffs") will and hereby do move the Court for an order consolidating the related actions pursuant to Federal Rule of Civil Procedure 42(a), and appointing the attorneys at **Cotchett, Pitre & McCarthy, LLP** ("CPM") and **Altshuler Berzon LLP** ("Altshuler Berzon") (together, "Proposed Lead Counsel") as interim co-lead counsel in this litigation, and appointing an executive committee. Plaintiffs also will and hereby do move to consolidate with this action all cases involving similar questions of fact and law that have been or subsequently will be filed, as it will promote just and efficient conduct. Fed. R. Civ. P. 42. However, litigations brought by pro se plaintiffs that do not purport to represent a putative class should not be consolidated; instead, these actions should be coordinated with this consolidated class action.

Plaintiffs bring this motion for appointment of class counsel pursuant to Federal Rule of Civil Procedure 23(g). Proposed Lead Counsel meet all the requirements for appointing interim lead counsel. Both CPM and Altshuler Berzon, as well as members of the proposed executive committee, have broad and nationally recognized experience leading complex class actions, including consumer protection class actions of this breadth and nature. Proposed Lead Counsel have the necessary resources to prosecute the litigation in a timely manner and will work cooperatively with other plaintiffs' and defense counsel to efficiently and effectively manage the litigation, as they have repeatedly done in the past. And, given the work this litigation may entail, the appointment of the proposed executive committee will allow for expeditious resolution of this matter.

Plaintiffs' motion is based on this notice, the accompanying memorandum of points and authorities, the Joint Declaration of Brian Danitz and Michael Rubin ("Joint Declaration"), and the

Joint Motion to Consolidate Related Actions and Appoint Cotchett, Pitre & McCarthy and Altshuler Berzon as Interim Co-Lead Counsel, and Proposed Executive Committee; Case No. 3:21-CV-00376-VC

1

exhibits thereto, and any additional arguments and evidence that the Court may consider at the hearing.

## **STATEMENT OF ISSUES TO BE DECIDED**

1.      Whether the Court should consolidate the related actions representing a purported class alleging similar questions of facts and law under Federal Rule of Civil Procedure 42(a), and grant coordination of actions prosecuted by pro se litigants not purporting to represent a class.

2.      Whether the Court should appoint Proposed Lead Counsel as interim lead counsel pursuant to Federal Rule of Civil Procedure 23(g).

3.      Whether the Court should appoint the proposed members of the Executive Committee.

Joint Motion to Consolidate Related Actions and Appoint Cotchett, Pitre & McCarthy and Altshuler Berzon as Interim Co-Lead Counsel, and Proposed Executive Committee; Case No. 3:21-CV-00376-VC

2

# <u>TABLE OF CONTENTS</u>

**Page**

I.    **INTRODUCTION** ...................................................................................................1

II.   **MOTION TO CONSOLIDATE**............................................................................2

III.  **MOTION TO APPOINT LEAD COUNSEL AND EXECUTIVE COMMITTEE**.........3

    A.  **Proposed Lead Counsel and Committee Structure**.....................................3

        1.  Proposed Lead Counsel ........................................................................4

        2.  Proposed Members of Plaintiffs' Executive Committee.............................5

    B.  **The Court Should Adopt the Proposed Structure**.....................................6

        1.  Rule 23(g)(1)(A)(i): "The work counsel has done in identifying or investigating potential claims in the action" ...................................................7

        2.  Rule 23(g)(1)(A)(ii): "Counsel's experience in handling class action, other complex litigation, and the types of claims asserted in the action" ..........8

        3.  Rule 23(g)(1)(A)(iii): "Counsel's knowledge of the applicable law"....................12

        4.  Rule 23(g)(1)(A)(iv): "The resources that counsel will commit to representing the class"....................................................................................12

        5.  Rule 23(g)(1)(B): "Any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class" .......................................13

IV.  **CONCLUSION** ..................................................................................................14

Joint Motion to Consolidate Related Actions and Appoint Cotchett, Pitre & McCarthy and Altshuler Berzon as Interim Co-Lead Counsel, and Proposed Executive Committee; Case No. 3:21-CV-00376-VC

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adkins v. Facebook, Inc.*,
  Case No. 18-05982-WHA (N.D. Cal.)...........................................................................10

*In re Ambry Genetics Data Breach Litig.*,
  No. 20-cv-00791 (C.D. Cal.) ......................................................................................11

*In re Anthem, Inc. Data Breach Litig.*,
  No. 15-MD-02617-LHK (N.D. Cal.)..........................................................................8, 9

*In re Apple Inc. Device Performance Litig.*,
  18-md-02827-EJD, MDL No. 2827 (N.D. Cal.).......................................................8, 10

*In re Automotive Parts Antitrust Litig.*,
  Case No. 2:12-md-02311-SFC (E.D. Mich.) .................................................................8

*In re Bextra and Celebrex Marketing Sales Practices and Prod. Liab. Litig.*,
  No. MDL-1699 (N.D. Cal.) ...........................................................................................8

*In re Bluetooth Headset Prod. Liab. Litig.*,
  654 F.3d 935 (9th Cir. 2011) .......................................................................................13

*In re Brinker Data Incident Litig.*,
  No. 18-cv-686 (M.D. Fla.)............................................................................................11

*Chacanaca v. Quaker Oats Co.*,
  No. C 10-0502 RS, 2011 WL 13141425 (N.D. Cal. June 14, 2011) ........................2, 3

*In re Citrix Data Breach Litig.*,
  Case No. 19-cv-61350-RKA (S.D. Fla.).......................................................................10

*In re Digitek Prod. Liab. Litig.*,
  No. 2:08-md-01968 (S.D. W. Va.)..........................................................................13, 14

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*,
  No. M 02–1486 PJH, 2006 WL 1530166 (N.D. Cal. June 5, 2006).............................12

*Fanning et al. v. HSBC Card Services Inc.*,
  No. 12-cv-00885-JVS (C.D. Cal.) .................................................................................9

*In re Google Inc. Cookie Placement Consumer Privacy Litig.*,
  No. 12-2358-SLR, 2012 WL 5833604 (D. Del. Nov. 16, 2012) ..................................12

Joint Motion to Consolidate Related Actions and Appoint Cotchett, Pitre & McCarthy
and Altshuler Berzon as Interim Co-Lead Counsel, and Proposed Executive Committee;
Case No. 3:21-CV-00376-VC

ii

*Huene v. United States*,
743 F.2d 703 (9th Cir. 1984) ..................................................................................2

*In re Intel Corp. CPU Marketing, Sales Practices and Prod. Liab. Litig.*,
Case No. 3:18-md-02828-SI (D. Or.) ......................................................................10

*Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*,
877 F.2d 777 (9th Cir. 1989) ..................................................................................2

*In re Lenovo Adware Litig.*,
No. 15-md-02624, 2015 WL 10890657 (N.D. Cal. July 27, 2015)...........................14

*Lindgren v. HSBC Card Services Inc.*,
No. 14-cv-05615-JVS (C.D. Cal.) ...........................................................................9

*Lowery v. Spotify USA Inc.*,
No. CV 15-09929-BRO, 2016 WL 6818756 (C.D. Cal. May 23, 2016).................12

*In re Medical Capital Sec. Litig.*,
No. SA CV 09-1048-DOC-RNB (C.D. Cal.)............................................................8

*In re Morgan Stanley Data Security Litig.*,
1:20-cv-05914 (S.D.N.Y.) ......................................................................................11

*Nobles v. MBNA Corp.*,
No. C06-3723-CRB (N.D. Cal.) ...............................................................................9

*In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*,
No. 2:10-md-02179-CJB-SS (E.D. La.).....................................................................14

*Outten v. Wilmington Trust Corp.*,
281 F.R.D. 193 (D. Del. 2012) ...............................................................................12

*In re Static Random Access Memory (SRAM) Antitrust Litig.*,
No. 4:07-md-01819-CW (N.D. Cal.).........................................................................8

*In re Yahoo! Inc. Customer Data Security Breach Litig.*,
Case No. 16-MD-02752 (N.D. Cal.).........................................................................10

**Statutes**

Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ...............................................3

California Consumer Privacy Act, Civ. Code § 1798.100 *et seq.* ...................................2

California Unfair Competition Law, Bus. & Prof. Code § 17200 *et seq.*....................2, 9

Joint Motion to Consolidate Related Actions and Appoint Cotchett, Pitre & McCarthy
and Altshuler Berzon as Interim Co-Lead Counsel, and Proposed Executive Committee;
Case No. 3:21-CV-00376-VC

iii

**Rules**

Federal Rules of Civil Procedure:

23(g)(3) ............................................................................................................*passim*

42(a) ...............................................................................................................1, 2

**Other Authorities**

Manual for Complex Litigation (4th ed. 2004):

§ 10.21 ...............................................................................................................4

§ 10.22 .............................................................................................................14

§ 21.11 ...............................................................................................................6

§ 10.224 .............................................................................................................7

§ 21.272 .............................................................................................................14

Joint Motion to Consolidate Related Actions and Appoint Cotchett, Pitre & McCarthy
and Altshuler Berzon as Interim Co-Lead Counsel, and Proposed Executive Committee;
Case No. 3:21-CV-00376-VC

iv

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.      INTRODUCTION**

3

Presently before the Court are eight related putative class actions affecting millions of

4

Californians who have been forced to rely on unemployment insurance issued by the California

5

Employment Development Department ("EDD") to survive during the coronavirus pandemic. As

6

the financial institution with the exclusive contract to administrate such benefits, Bank of America,

7

N.A. ("Bank of America") is responsible for safeguarding these funds. Plaintiffs allege that Bank of

8

America has failed in this task, causing irreparable harm to the members of the Class.

9

In recent months, the news has exploded with stories of EDD benefits recipients who have

10

attempted to use their Bank of America EDD prepaid debit card (an "EDD Cardholder"), only to

11

learn that the money in their Bank of America EDD account ("EDD Account") is gone—stolen by

12

hackers and criminals exploiting Bank of America's use of outdated technology. Bank of America

13

failed to protect these EDD accounts and then, contrary to the promises in its EDD cardholder

14

agreement, Bank of America failed to assist the hundreds of thousands of defrauded EDD

15

cardholders, depriving them of their lifeline. Consequently, Plaintiffs have been forced to pursue

16

litigation to ensure that they, and all those similarly situated, receive the protection they so

17

desperately need in the present circumstances.

18

On February 11, 2021, the Court issued an order relating the eight above-captioned putative

19

class actions, all of which involve the same defendant and similarly defined classes, raise virtually

20

identical legal and factual issues, and seek the same or substantially similar relief. To further achieve

21

judicial efficiency and economy of resources, Plaintiffs in these eight related actions now move for

22

consolidation and propose the robust leadership structure below. To enhance efficiency, each

23

member of a proposed Executive Committee is assigned a defined and nonoverlapping role from the

24

beginning. To ensure the right team, Proposed Lead Counsel undertook a collaborative process to

25

design a structure with input from all counsel. Proposed Lead Counsel created a cohesive and truly

26

diverse team with skills to match the needs of this case and to ensure that the case proceeds on an

27

expedited basis, which is required under the pressing circumstances. As noted in the Joint

28

Joint Motion to Consolidate Related Actions and Appoint Cotchett, Pitre & McCarthy
and Altshuler Berzon as Interim Co-Lead Counsel, and Proposed Executive Committee;
Case No. 3:21-CV-00376-VC

1

1   Declaration, firms that helped organize counsel and protect the class over the past months support

2   this motion. Plaintiffs therefore respectfully submit that Proposed Lead Counsel, with members of

3   the Executive Committee, have demonstrated the best understanding of the relevant factual and legal

4   issues presented in these cases and have the resources and experience to see them through to a

5   successful and efficient resolution.

6   **II.    MOTION TO CONSOLIDATE**

7       Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is proper where actions

8   "involve a common question of law or fact." Fed. R. Civ. P. 42(a). "The purpose of consolidation is

9   not only to enhance efficiency of the trial court by avoiding unnecessary duplication of evidence and

10  procedures, but also to avoid inconsistent adjudications." *Chacanaca v. Quaker Oats Co.*, No. C 10-

11  0502 RS, 2011 WL 13141425, at *2 (N.D. Cal. June 14, 2011) (internal quotation marks and citation

12  omitted). A "district court has broad discretion to consolidate cases pending in the same district."

13  *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).

14  In exercising its broad discretion to consolidate actions under Rule 42(a), a court "weighs the saving

15  the saving of time and effort consolidation would produce against any inconvenience, delay, or

16  expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

17      Here, there can be no dispute that the eight related actions before the Court present a

18  multitude of common questions of law and fact. As explained in Plaintiff's administrative motion to

19  relate cases, which Bank of America did not oppose, all of the related actions are brought against

20  Bank of America on behalf of substantially the same proposed class. All of the related actions seek

21  to remedy Bank of America's alleged failures to take reasonable steps to protect the named plaintiffs

22  and putative class members from fraud and to take reasonable steps to ensure that the named

23  plaintiffs and class members are able to access the public benefits to which they are lawfully entitled.

24  All of the related actions assert claims for breach of contract, violation of the California Consumer

25  Privacy Act, Civ. Code § 1798.100 *et seq.*, and violation of the California Unfair Competition Law,

26  Bus. & Prof. Code § 17200 *et seq.* Many of the related actions also assert claims of negligence,

27  breach of implied contract, breach of the implied covenant of good faith and fair dealing, and

28

Joint Motion to Consolidate Related Actions and Appoint Cotchett, Pitre & McCarthy
and Altshuler Berzon as Interim Co-Lead Counsel, and Proposed Executive Committee;
Case No. 3:21-CV-00376-VC

2

1  violation of the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* based on substantially

2  identical factual allegations.

3    Moreover, consolidation will significantly conserve judicial resources, while generating no

4  (or at most *de minimis*) inconvenience, delay, or expense. Plaintiffs seek to consolidate the cases at

5  the outset of litigation. All of the cases were only recently filed, and Bank of America has not yet

6  responded to any of them. A consolidated complaint will establish a single, uniform class definition,

7  streamline the issues in this complex class action, and eliminate the confusion and delay that may

8  result from prosecuting related class action cases separately. Consolidation will also conserve

9  judicial and party resources and expedite resolution of this matter by avoiding duplicative class

10  certification proceedings, discovery disputes, dispositive motions, and trial proceedings. *See, e.g.*,

11  *Chacanaca*, 2011 WL 13141425, at *2 (granting consolidation of class actions under similar

12  circumstances).

13    For all these reasons, all putative federal class actions already before this Court, those that

14  will be transferred to this Court, and those that will be deemed related by this Court should be

15  consolidated.

16    While the related class actions should be consolidated, certain actions involving *pro se*

17  litigants that are not seeking to represent a proposed class should not be consolidated in this

18  litigation. Instead, these actions should be coordinated with this litigation in order to reduce

19  duplication of tasks and lessen confusion and delay. If so ordered, Proposed Lead Counsel are

20  committed to coordinating with the *pro se* plaintiffs efficiently, fairly, and compassionately.

21  **III.**   **MOTION TO APPOINT LEAD COUNSEL AND EXECUTIVE COMMITTEE**

22    **A.**    **Proposed Lead Counsel and Committee Structure**

23    Proposed Lead Counsel and the Executive Committee was crafted through a transparent and

24  collaborative process open to <u>any</u> plaintiffs' counsel who had a case on file in this District and who

25  wished to participate. These efforts are detailed in the Joint Declaration at ¶¶ 3-6. The goal was to

26  create a structure and arrangement that would be efficient, with pre-identified roles assigned to the

27  appropriate attorneys. Great care was also given to gender diversity (two thirds of the Executive

28

---

Joint Motion to Consolidate Related Actions and Appoint Cotchett, Pitre & McCarthy
and Altshuler Berzon as Interim Co-Lead Counsel, and Proposed Executive Committee;
Case No. 3:21-CV-00376-VC

3

Committee is run by women) and geographic diversity (firms based in Southern California and the Bay Area). Finally, special consideration was given to attorneys who demonstrated a willingness during the process "to fulfill their obligations as advocates in a manner that will foster and sustain good working relations among fellow counsel and the court." Manual for Complex Litigation (4th ed. 2004) § 10.21 (the "Manual"); *see also id.* ("The added demands and burdens of complex litigation place a premium on attorney professionalism.").

### 1.    Proposed Lead Counsel

Plaintiffs propose that the law firms of Cotchett, Pitre & McCarthy LLP and Altshuler Berzon LLP serve as interim lead counsel for the putative class. Brian Danitz of CPM and Michael Rubin of Altshuler Berzon will serve as the primary contacts for Proposed Lead Counsel.

For over 50 years, CPM has dedicated its services to prosecuting or defending socially just actions. Repeatedly recognized by the National Law Journal, CPM has earned a national reputation for the breadth of its practices and the diversity of its clients. CPM has secured billions of dollars for its clients and classes, and its attorneys have been honored with such prestigious accolades as induction to the American College of Trial Lawyers, named as Top 100 attorneys by "Super Lawyers" and the Daily Journal, and service on government commissions and the boards of numerous non-profit organizations. A firm biography is attached as Exhibit 1 to the Joint Declaration.

Since its founding in 1978, Altshuler Berzon has been a leader at the forefront of protecting workers' and consumers' rights. Altshuler Berzon has obtained multimillion-dollar judgments and settlements, as well as court-ordered and negotiated injunctive relief on behalf of millions of consumers and workers. The firm also frequently handles complex and high-stakes class action appeals and has secured numerous groundbreaking decisions from the Ninth Circuit, California Supreme Court, and U.S. Supreme Court. Altshuler Berzon has earned a nationwide reputation for litigation excellence and last year was named one of California's "Top Boutique Law Firms" by the Daily Journal. The firm's attorneys are also routinely recognized by the Daily Journal and "Super Lawyers" as among the best lawyers in California; Michael Rubin, for example, has won an

Joint Motion to Consolidate Related Actions and Appoint Cotchett, Pitre & McCarthy and Altshuler Berzon as Interim Co-Lead Counsel, and Proposed Executive Committee; Case No. 3:21-CV-00376-VC

4

unprecedented seven "California Lawyer of the Year" awards from the Daily Journal for both his trial and appellate work. The firm's biography is attached as Exhibit 2 to the Joint Declaration.

Proposed Lead Counsel law firms have decades of litigation experience and have served as lead or co-lead counsel in scores of class and complex litigation actions, both in this District as well as throughout the country. Proposed Lead Counsel have excellent credentials and the requisite experience to serve as interim co-lead counsel for the proposed class. Their experiences as class action and multidistrict litigation counsel, as well as their intimate knowledge of technological and consumer protection issues, will ensure that the action will be prosecuted efficiently and effectively. The Court should be confident that Proposed Lead Counsel law firms will effectively represent and guide the plaintiff class toward a resolution that is in their best interests. And because both firms have offices in this District, the proposed leadership structure does not need to include a Court liaison.

### 2. Proposed Members of Plaintiffs' Executive Committee

A committee structure is required due to the scope of this action, which encompasses hundreds of thousands of EDD Cardholders and Accounts. Extreme care and purposeful deliberation were taken in the selection of the proposed members of the Plaintiffs' Executive Committee. Indeed, this grouping mirrors the diversity of the Bar and the plaintiff class, following guidance from the Duke Law Center for Judicial Studies *Standards and Best Practices for Large and Mass-Tort MDLs*, which encourage "appointment of an experienced slate of attorneys" who will "fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds." Combining their experience with the resources available from their respective law firms, members of the Executive Committee will ensure effective and efficient prosecution of the litigation. The proposed members are:

**Chair**: Mary Alexander of Mary Alexander & Associates, P.C., will oversee the Executive Committee and be responsible for obtaining and maintaining time records and communications to counsel.

Joint Motion to Consolidate Related Actions and Appoint Cotchett, Pitre & McCarthy and Altshuler Berzon as Interim Co-Lead Counsel, and Proposed Executive Committee; Case No. 3:21-CV-00376-VC

5

**Law and Briefing**: Francis Bottini Jr. of Bottini & Bottini, Inc., will coordinate the research and preparation of all pleadings and motions and assist in the preparation of oral arguments at any hearings.

**Defensive Discovery and Plaintiff Coordination**: Gayle Blatt of Casey Gerry Francavilla Blatt & Penfield LLP will coordinate all discovery obligations of and communications with Plaintiffs and the Class.

**Offensive Discovery and ESI Coordination**: Natasha N. Serino of Schack Law Group, together with Karin Swope of CPM, will coordinate all discovery propounded on behalf of the Plaintiffs and the Class and coordinate ESI practices generally.

**Third-Party Discovery:** Kristin Kemnitzer of Kemnitzer, Barron & Krieg will coordinate all third-party discovery propounded on behalf of the Plaintiffs and the Class, assisted by P. Terry Anderlini of Anderlini & McSweeney LLP.

**Experts**: Thomas Fraysse of Knox Ricksen LLP will handle and coordinate all expert discovery and issues.

**Damages**: Jean Martin of Morgan & Morgan will coordinate efforts concerning damages.

These law firms were selected for their roles based on their knowledge, resources, and experience. This is especially warranted given the amount of work this litigation may entail and the need for expeditious resolution of this matter. A biography of each of the individuals and/or his or her firm is attached as Exhibits 3 through 10 of the Joint Declaration.

**B.     The Court Should Adopt the Proposed Structure**

The Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual § 21.11. Rule 23(g)(1)(A) of the Federal Rules of Civil Procedure identifies four factors to be considered by courts when selecting interim class counsel:

Joint Motion to Consolidate Related Actions and Appoint Cotchett, Pitre & McCarthy and Altshuler Berzon as Interim Co-Lead Counsel, and Proposed Executive Committee; Case No. 3:21-CV-00376-VC

6

     (i)     The work counsel has done in identifying or investigating potential claims in the action;

     (ii)    Counsel's experience in handling class action, other complex litigation, and the types of claims asserted in the action;

     (iii)   Counsel's knowledge of the applicable law; and

     (iv)   The resources that counsel will commit to representing the class.

Rule 23(g)(1)(B) further provides that courts may "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Such considerations include whether proposed interim class counsel have worked cooperatively with opposing counsel and the court, and whether counsel commands the respect of colleagues. *See* Manual § 10.224.

Here, Plaintiffs' counsel have met and conferred with one another to discuss what would be most efficient, fair, and serve the best interests of the class. Jt. Decl. ¶¶ 3-5. The proposed Lead Counsel and Executive Committee structure is the product of those collaborative discussions.

### 1.    Rule 23(g)(1)(A)(i): "The work counsel has done in identifying or investigating potential claims in the action"

CPM filed the first of Plaintiffs' related actions in the Northern District of California after conducting a thorough investigation, which included obtaining and analyzing Bank of America's exclusive contract with EDD, as well as Bank of America's customer agreements, SEC filings, press releases, and other public statements. Not only has Proposed Lead Counsel identified and investigated the claims against Bank of America, but since filing the Complaint they have endeavored to uncover additional information about underlying allegations. To that end, CPM has submitted additional public record requests to both EDD and the State Auditor, and reviewed relevant legislative hearings and agency reports, including: "*Employment Development Department: EDD's Poor Planning and Ineffective Management Left It Unprepared to Assist Californians Unemployed by COVID-19 Shutdowns*" (Jan. 26, 2021), and "*Employment Development Department: Significant Weaknesses in EDD's Approach to Fraud Prevention Have Led to Billions of Dollars in Improper Benefit Payments*" (Jan. 28, 2021). Jt. Decl. ¶ 8.

Joint Motion to Consolidate Related Actions and Appoint Cotchett, Pitre & McCarthy and Altshuler Berzon as Interim Co-Lead Counsel, and Proposed Executive Committee; Case No. 3:21-CV-00376-VC

7

Additionally, the filing of the *Yick* complaint generated substantial interest by the public and the press. As a result, CPM has communicated with **over seven hundred** potential plaintiffs who reached out to CPM following the filing of the Complaint, several of whom have retained CPM and intend to serve as class representatives in this matter. These discussions reveal strong common threads and detail facts which Proposed Lead Counsel intend to incorporate into a consolidated amended complaint. Affidavits by many of these EDD Cardholders will also be used in the Motion for Preliminary Injunction which Proposed Lead Counsel are currently preparing. Jt. Decl. ¶ 9.

### 2.  Rule 23(g)(1)(A)(ii): "Counsel's experience in handling class action, other complex litigation, and the types of claims asserted in the action"

Proposed Lead Counsel and proposed members of the Executive Committee easily meet this criterion. CPM has obtained billions of dollars in recoveries for the classes it has represented. For instance, as co-lead counsel, CPM secured a combined $219 million in *In re Medical Capital Securities Litigation*, No. SA CV 09-1048-DOC-RNB (C.D. Cal.), one of the largest recoveries against indenture trustees in U.S. history and the largest Ponzi recovery in California history. CPM also secured a $77 million settlement as lead counsel in *In re Static Random Access Memory (SRAM) Antitrust Litigation*, No. 4:07-md-01819-CW (N.D. Cal.). In *In re Bextra and Celebrex Marketing Sales Practices and Product Liability Litigation*, No. MDL-1699 (N.D. Cal.), CPM, as co-lead trial counsel, secured $894 million to settle the consolidated injury and class action cases against Pfizer. As co-lead counsel for the end-payor plaintiffs in *In re Automotive Parts Antitrust Litigation*, Case No. 2:12-md-02311-SFC (E.D. Mich.), CPM helped recover over $1.2 billion. And recently, CPM secured a settlement that provides for a non-reversionary minimum class settlement amount of $310 million, with a maximum class settlement amount of $500 million in *In re Apple Inc. Device Performance Litigation*, No. 5:18-md-02827-EJD (N.D. Cal.). *See* Jt. Decl., Ex. 1.

Altshuler Berzon likewise has a long record of achieving outstanding results in consumer protection class actions and other complex litigation, as well as on appeal. For example, as co-lead counsel, Altshuler Berzon secured a landmark $115 million settlement in 2018 in the multi-district litigation *In re Anthem, Inc. Data Breach Litigation*, No. 15-MD-02617-LHK (N.D. Cal.), which

Joint Motion to Consolidate Related Actions and Appoint Cotchett, Pitre & McCarthy and Altshuler Berzon as Interim Co-Lead Counsel, and Proposed Executive Committee; Case No. 3:21-CV-00376-VC

8

was at the time the largest settlement ever reached in a data-breach class action. The MDL involved 80 million class members, hundreds of consumer class actions filed around the country, and over 50 plaintiff law firms and four defense firms. Altshuler Berzon also has substantial experience litigating consumer protection class actions against banks and other financial institutions in particular, including claims brought under California's Unfair Competition Law, Bus. & Prof. Code § 17200 *et seq.* ("UCL"), common-law claims of negligence and breach of contract, and statutory claims. In addition to *In re Anthem*, other representative cases include *Nobles v. MBNA Corp.*, No. C06-3723-CRB (N.D. Cal.), in which the firm settled a California consumer class action alleging that a bank misleadingly offered consumer lines of credit without disclosing hidden costs and credit impacts, and *Fanning et al. v. HSBC Card Services Inc. et al.*, No. 12-cv-00885-JVS (C.D. Cal.) and *Lindgren v. HSBC Card Services Inc. et al.*, No. 14-cv-05615-JVS (C.D. Cal.), in which the firm successfully settled a statewide class action on behalf of California credit card holders alleging the bank secretly recorded their telephone conversations without their consent. *See* Jt. Decl., Ex. 2.

Similarly, each member of the Plaintiffs' Executive Committee has experience in class actions and complex litigation, and is well matched for the role to which each member has been assigned.

Mary Alexander has earned a national reputation for her work protecting consumer rights. She has held leadership roles in high-profile class actions and obtained some of the largest and highest profile verdicts and settlements in California over the course of her career. Her dedication to her clients has won her numerous awards. She is a past president of both the Association of Trial Lawyers of America (now American Association for Justice) and Consumer Attorneys of California, and, in 2021, Ms. Alexander was inducted into the Law Dragon 500 Hall of Fame. *See* Jt. Decl., Ex. 3.

Francis A. Bottini, Jr., Managing Partner of Bottini & Bottini, Inc., has exclusively practiced complex class action litigation for over 26 years, during which he has served as Lead or Co-Lead Counsel in consumer, securities, and antitrust cases which have recovered hundreds of millions of dollars for class members. Most recently, in 2020, Bottini & Bottini was Co-Lead Counsel in *In re*

Joint Motion to Consolidate Related Actions and Appoint Cotchett, Pitre & McCarthy and Altshuler Berzon as Interim Co-Lead Counsel, and Proposed Executive Committee; Case No. 3:21-CV-00376-VC

9

*Alphabet Inc. Shareholder Derivative Litig*., Lead Case No. 19CV341522 (Santa Clara Sup. Ct.), which resulted in a groundbreaking settlement, including Google's commitment to eliminate mandatory arbitration in cases alleging sexual harassment and discrimination; the establishment of a Diversity, Equity, & Inclusion Council including two members selected by Plaintiffs' counsel; and an agreement by Google to spend $310 million over ten years on workplace initiatives designed to eliminate sexual harassment and discrimination and initiatives that support diversity, equity, and inclusion. Bottini & Bottini also served as Co-Lead Counsel in *In re Snap, Inc. Securities Cases*, JCCP No. 4960 (Los Angeles Sup. Ct.), in which the Court has granted preliminary approval of a settlement providing a $32,812,500 recovery for shareholders who bought stock in Snap's IPO. *See* Jt. Decl., Ex. 4.

Gayle Blatt chairs Casey Gerry's complex litigation team, having more than 30 years of experience vindicating the rights of consumers and injury victims. She recently served as one of five plaintiffs' lawyers leading the Yahoo! data breach litigation (*In re Yahoo! Inc. Customer Data Security Breach Litigation*, Case No. 16-MD-02752 (N.D. Cal.). Ms. Blatt also recently served on the Executive Committee in *In re Apple Inc. Device Performance Litigation,* 18-md-02827-EJD, MDL No. 2827 (N.D. Cal.) and will serve the putative class well by coordinating plaintiff discovery. She brings a breadth of experience and is currently serving as class counsel in the *In re Citrix Data Breach Litigation*, Case No. 19-cv-61350-RKA (S.D. Fla.) (preliminary approval granted), and served on the law and briefing committee in the consolidated class action *Adkins v. Facebook, Inc.*, Case No. 18-05982-WHA (N.D. Cal.) (preliminary approval granted.) In addition, she serves on the Steering Committee in the *In re Intel Corp. CPU Marketing, Sales Practices and Product Liability Litigation,* Case No. 3:18-md-02828-SI (D. Or.), where she has participated in the vetting and coordination of nationwide plaintiffs. *See* Jt. Decl., Ex. 5.

Natasha Serino of Schack Law Group has successfully represented aggrieved consumers, employees, and tort victims, including as lead trial counsel against Alaska Airlines, which resulted in a $25 million verdict for flight attendants. Over her career she has also coordinated litigation in data breach, fire, environmental tort, employment, and personal injury litigation, and currently

Joint Motion to Consolidate Related Actions and Appoint Cotchett, Pitre & McCarthy and Altshuler Berzon as Interim Co-Lead Counsel, and Proposed Executive Committee; Case No. 3:21-CV-00376-VC

10

serves as liaison counsel for *In re Canyon Fires Litigation*. *See* Jt. Decl., Ex. 6.

Kristin Kemnitzer is a managing partner at Kemnitzer Barron & Krieg LLP (KBK Legal). The firm champions the rights of consumers and fights economic injustice. Ms. Kemnitzer has represented hundreds of thousands of consumers in class actions against financial institutions. KBK Legal attorneys have been appointed lead counsel in over 250 class actions, have obtained waivers of over $3 billion in uncollectable debt, and have obtained recovery of over $500 million for California consumers. *See* Jt. Decl., Ex. 7.

P. Terry Anderlini has over 50 years of experience representing clients in personal injury, consumer, and malpractice cases. In 2018 he was named the San Mateo County Trial Lawyer of the Year and has served as the President of the State Bar of California, the San Mateo County Bar Association, and the Consumer Attorneys of California. He enjoys a well-earned reputation as one of the leading trial attorneys in Northern California. *See* Jt. Decl., Ex. 8.

Thomas Fraysse of Knox Ricksen LLP leads the firm's qui tam practice that focuses on fraud and has successfully litigated dozens of complex actions recovering millions for clients as a result of a string of multimillion-dollar judgments. His work, litigation experience and trial ability has earned him recognition by the National Law Journal, the Daily Journal, and his peers, including membership in the American Board of Trial Advocates. Besides being effective trial advocates, Knox Ricksen LLP has pioneered the use of data analytics in presenting complicated matters to juries. Mr. Fraysse currently serves as co-lead counsel in mass tort litigation involving the manufacture, distribution, and implantation of counterfeit spinal fixation devices used in spinal fusion surgeries. *See* Jt. Decl., Ex. 9.

Jean Martin of Morgan & Morgan concentrates her practice on data breach and consumer class actions and presently serves as interim co-lead counsel in *In re Morgan Stanley Data Security Litigation*, 1:20-cv-05914 (S.D.N.Y.), *In re Ambry Genetics Data Breach Litigation*, No. 20-cv-00791 (C.D. Cal.), and *In re Brinker Data Incident Litigation*, No. 18-cv-686 (M.D. Fla.). Using her background in econometrics, she is often called upon to work with experts to develop damages

Joint Motion to Consolidate Related Actions and Appoint Cotchett, Pitre & McCarthy and Altshuler Berzon as Interim Co-Lead Counsel, and Proposed Executive Committee; Case No. 3:21-CV-00376-VC

11

1  modeling as she is proposed to handle on behalf of the putative class in this case. *See* Jt. Decl.,

2  Ex. 10.

3      As demonstrated by the firm résumés and biographies attached to the Joint Declaration,

4  Proposed Lead Counsel and members of the Executive Committee clearly have the requisite

5  experience and knowledge necessary to effectively advance this litigation.

6          **3.      Rule 23(g)(1)(A)(iii): "Counsel's knowledge of the applicable law"**

7      As indicated by their experience handling class actions and the significant recoveries

8  therefrom, it is undisputed that Proposed Lead Counsel and members of the Plaintiffs' Executive

9  Committee are knowledgeable regarding the applicable law. Indeed, attorneys at CPM are some of

10  the founding members of the Consumer Attorneys of California and of Public Justice. Attorneys at

11  Altshuler Berzon have served as lead or co-lead counsel in multiple cases alleging violation of

12  consumer protection laws. From their impeccable résumés and careful vetting, the Court can be

13  assured that each of the lawyers selected for this matter is knowledgeable of the law and will be able

14  to efficiently handle all aspects of this litigation.

15          **4.      Rule 23(g)(1)(A)(iv): "The resources that counsel will commit to**

16          **representing the class"**

17      This litigation asserts federal and state statutory claims, and numerous common law claims

18  arising under California law. More importantly, the putative class consists of hundreds of thousands

19  of EDD Cardholders throughout California in need of timely relief. A litigation of this magnitude

20  "justifies the pooling of resources and experience." *In re Google Inc. Cookie Placement Consumer*

21  *Privacy Litig.*, No. 12-2358-SLR, 2012 WL 5833604, at *1 (D. Del. Nov. 16, 2012) (citing *In re*

22  *Exford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 46 (S.D.N.Y.1998)); *Outten v. Wilmington*

23  *Trust Corp.*, 281 F.R.D. 193, 199 (D. Del. 2012); *In re Dynamic Random Access Memory (DRAM)*

24  *Antitrust Litig.*, No. M 02–1486 PJH, 2006 WL 1530166, at *11 (N.D. Cal. June 5, 2006)); *see also*

25  *Lowery v. Spotify USA Inc.*, No. CV 15-09929-BRO (RAOx), 2016 WL 6818756, at *5 (C.D. Cal.

26  May 23, 2016) (noting the Court "must appoint the applicant best able to represent the interests of

27  the class") (citation omitted).

28

---

Joint Motion to Consolidate Related Actions and Appoint Cotchett, Pitre & McCarthy
and Altshuler Berzon as Interim Co-Lead Counsel, and Proposed Executive Committee;
Case No. 3:21-CV-00376-VC

12

Here, Proposed Lead Counsel and members of the Executive Committee have the resources necessary to finance a case of this magnitude. Indeed, having been responsible for achieving some of the largest class action recoveries in some of the most complex, high-profile class actions, Proposed Lead Counsel and members of the Executive Committee understand what is required to undertake a litigation of this size and will commit whatever resources are necessary to achieve a favorable result for the class.

At the same time, Proposed Lead Counsel and members of the Executive Committee are aware of the need to control costs and expenses. Should this structure be approved by the Court, Proposed Lead Counsel will, within 10 business days, submit a timekeeping and cost reporting protocol for approval by the Court that would require all plaintiffs' counsel to maintain a contemporaneous record of their time and expenses incurred in connection with this litigation. And, to the extent that there are any issues as to fees and expenses should the litigation be successfully resolved, the Court will "have an independent obligation to ensure that" fees and expenses are "reasonable, even if the parties have already agreed to an amount." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011).

### 5.    Rule 23(g)(1)(B): "Any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class"

Given the complexity of this litigation, the number of putative class members, its scope, and the need to proceed in an expedited manner, it is clear that this litigation requires a robust structure. When these facts are present, courts often approve similarly sized and structured leadership. For instance, in *Volkswagen*, Judge Breyer appointed 22 individuals and their law firms to a steering committee, specifically noting that "the Court believes this is an appropriate number given the amount of work this litigation may entail and the need for an expeditious resolution of this matter." *See* Pretrial Order No. 7 [ECF No. 1084]. Judge Breyer also approved approximately 100 additional law firms over the course of the Volkswagen litigation. *See* Pretrial Order No. 11 [ECF No. 1254]. In *In re Digitek Products Liability Litigation*, No. 2:08-md-01968 (S.D. W. Va.), the court appointed a three-firm co-lead counsel and steering committee of 19 individuals and their law firms. *See id.*,

Joint Motion to Consolidate Related Actions and Appoint Cotchett, Pitre & McCarthy and Altshuler Berzon as Interim Co-Lead Counsel, and Proposed Executive Committee; Case No. 3:21-CV-00376-VC

13

1   Pretrial Order No. 4, dated Nov. 5, 2008 [ECF No. 51-1]. The court later added three more

2   individuals and their law firms to the steering committee (with one resignation), together comprising

3   24 individuals and their respective law firms. *See id.*, Pretrial Order No. 23, dated May 29, 2009

4   [ECF No. 129]. And, in *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico,*

5   *on April 20, 2010*, No. 2:10-md-02179-CJB-SS (E.D. La.), the court appointed a 19 member

6   plaintiffs' steering committee. *See id.*, Pretrial Order No. 8, dated Oct. 8, 2010 [ECF No. 506]. Given

7   the size and scope of this litigation, the structure brought forth by Plaintiffs is therefore

8   commensurate to the needs of the case.

9        Finally, where the majority of plaintiffs' counsel agree to a leadership structure, courts

10   generally approve the structure based on the concept of "private ordering." Manual § 21.272; *see In*

11   *re Lenovo Adware Litig.*, No. 15-md-02624, 2015 WL 10890657, at *2 (N.D. Cal. July 27, 2015)

12   (finding that support of majority of plaintiffs and counsel is "indicative of their ability to work

13   cooperatively on behalf" of the plaintiffs). As long as the proposal for leadership is fair, proposes

14   qualified class counsel, and has opportunities for representation for all firms, then the efforts of

15   plaintiffs' counsel to coordinate amongst themselves is something that is to be encouraged and given

16   significant deference. Manual § 10.22.

17   **IV.    <u>CONCLUSION</u>**

18        For the reasons indicated, the Court should grant consolidation and/or coordination of the

19   actions. Moreover, the Court should appoint Proposed Lead Counsel and the proposed Executive

20   Committee. Proposed Lead Counsel has demonstrated that it is best equipped to serve as interim co-

21   lead counsel in this litigation, with the assistance and knowledge provided by the members of the

22   proposed Executive Committee. The firms have demonstrated the best understanding of the relevant

23   factual and legal issues presented in these cases and have the resources and experience to see them

24   through to a successful and efficient resolution.

25

26

27

28

Joint Motion to Consolidate Related Actions and Appoint Cotchett, Pitre & McCarthy
and Altshuler Berzon as Interim Co-Lead Counsel, and Proposed Executive Committee;
Case No. 3:21-CV-00376-VC                14

1

2   Dated:  February 12, 2021

3

4

5

6

7

8   Dated:  February 12, 2021

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

**COTCHETT, PITRE & McCARTHY, LLP**


By:   */s/ Brian Danitz*
     BRIAN DANITZ

*Attorneys for Plaintiff Jennifer Yick*
*and the Proposed Class*

**ALTSHULER BERZON, LLP**


By:   */s/ Michael Rubin*
     MICHAEL RUBIN

*Attorneys for Plaintiffs Roland Oosthuizen,*
*Rosemary Mathews and the Proposed Class*


Adam McNeile
Kristin Kemnitzer
**KEMNITZER, BARRON, & KRIEG, LLP**
42 Miller Avenue, 3rd Floor
Mill Valley, CA  94941
Telephone:  (415) 632-1900
Facsimile:  (415) 632-1901

David S. Casey, Jr.
Gayle M. Blatt
Jeremy Robinson
P. Camille Guerra
Catherin M. McBain
**CASEY GERRY SCHENK FRANCAVILLA**
**BLATT & PENFIELD, LLP**
110 Laurel Street
San Diego, CA  92101
Telephone:  (619) 238-1811
Facsimile:  (619) 544-9232

Joint Motion to Consolidate Related Actions and Appoint Cotchett, Pitre & McCarthy
and Altshuler Berzon as Interim Co-Lead Counsel, and Proposed Executive Committee;
Case No. 3:21-CV-00376-VC

15

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Jean S. Martin
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL  33602
Telephone:  (813) 223-5505

Natasha N. Serino
Shannon F. Nocon
**SCHACK LAW GROUP**
16870 West Bernardo Drive, Suite 400
San Diego, CA  92127
Telephone:  (858) 485-6535
Facsimile:  (858) 485-0608

Francis A. Bottini, Jr.
Anne B. Beste
Albert Y. Chang
Yury A. Kolesnikov
**BOTTINI & BOTTINI, INC.**
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA  92037
Telephone:  (858) 914-2001
Facsimile:  (858) 914-2002

P. Terry Anderlini
Joseph M. Goethals
Jackson D. Morgus
**ANDERLINI & McSWEENEY, LLP**
66 Bovet Road, Suite 285
San Mateo, CA  94402
Telephone:  (650) 212-0001
Facsimile:  (650) 212-0081

Thomas E. Fraysse
Maisie C. Sokolove
Amanda M. Plowman
**KNOX RICKSEN, LLP**
2033 N. Main Street, Suite 340
Walnut Creek, CA  94596
Telephone:  (925) 433-2500
Facsimile:  (925) 433-2505

Joint Motion to Consolidate Related Actions and Appoint Cotchett, Pitre & McCarthy and Altshuler Berzon as Interim Co-Lead Counsel, and Proposed Executive Committee; Case No. 3:21-CV-00376-VC

16

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mary E. Alexander
Brendan D.S. Way
Arin R. Scapa
Catalina S. Munoz
**MARY ALEXANDER & ASSOCIATES, P.C.**
44 Montgomery Street, Suite 1303
San Francisco, CA  94104
Telephone:  (415) 433-4440
Facsimile:  (415) 433-5440

Joint Motion to Consolidate Related Actions and Appoint Cotchett, Pitre & McCarthy
and Altshuler Berzon as Interim Co-Lead Counsel, and Proposed Executive Committee;
Case No. 3:21-CV-00376-VC

17

**ATTESTATION OF E-FILED SIGNATURE**

I, Brian Danitz, am the ECF user whose identification and password are being used to file this NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION TO:  (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT COTCHETT, PITRE & MCCARTHY, LLP AND ALTSHULER BERZON LLP AS INTERIM CO-LEAD COUNSEL, AND PROPOSED EXECUTIVE COMMITTEE. Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that all other signatories to this document concurred in its filing.


_/s/ Brian Danitz_
BRIAN DANITZ

Joint Motion to Consolidate Related Actions and Appoint Cotchett, Pitre & McCarthy
and Altshuler Berzon as Interim Co-Lead Counsel, and Proposed Executive Committee;
Case No. 3:21-CV-00376-VC

18