| | |
|---|---|
| 1 | LAURA A. STOLL (SBN 255023)<br>*LStoll@goodwinlaw.com* |
| 2 | **GOODWIN PROCTER LLP**<br>601 South Figueroa Street, 41st Floor |
| 3 | Los Angeles, California 90017<br>Tel.: +1 213 426 2500 |
| 4 | Fax: +1 213 623 1673 |
| 5 | DAVID ROSSITER CALLAWAY (SBN 121782)<br>*DCallaway@goodwinlaw.com* |
| 6 | **GOODWIN PROCTER LLP**<br>601 Marshall Street |
| 7 | Redwood City, California 94063<br>Tel.: +1 650 752 3100 |
| 8 | Fax: +1 650 853 1038 |
| 9 | BARRY W. LEE (SBN 088685)<br>*bwlee@manatt.com* |
| 10 | **MANATT PHELPS & PHILLIPS LLP**<br>One Embarcadero Center, 30th Floor |
| 11 | San Francisco, California 94111<br>Tel.: +1 415 291 7450 |
| 12 | Fax: +1 415 291 7474 |
| 13 | Attorneys for Defendant<br>BANK OF AMERICA, N.A. |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER YICK, on behalf of herself and all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA, N.A., and DOES 1-20, inclusive,<br><br>  Defendants. | Case No. 3:21-cv-00376-VC<br><br>**DEFENDANT BANK OF AMERICA'S RESPONSE TO PLAINTIFFS' MOTION TO CONSOLIDATE RELATED CASES AND TO APPOINT LEAD COUNSEL AND EXECUTIVE COMMITTEE**<br><br>Courtroom: 4 – 17th Floor<br>Judge: Hon. Vince Chhabria<br><br>Complaint filed: January 14, 2021 |
| **This document also relates to:**<br><br>CARLOS RODRIGUEZ, on behalf of himself and all others similarly situated,<br><br>  Plaintiff, | Case No. 3-21-cv-00494-VC<br><br><br><br><br><br>Judge: Hon. Vince Chhabria |

---

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO CONSOLIDATE RELATED CASES AND TO APPOINT LEAD COUNSEL AND EXECUTIVE COMMITTEE, Case No. 3:21-cv-00376-VC

| | |
|---|---|
| v. | Complaint filed: January 20, 2021 |
| BANK OF AMERICA, N.A., | |
| Defendant. | |
| **This document also relates to:** | Case No. 3:21-cv-00547-VC |
| J. MICHAEL WILLRICH, on behalf of himself and all others similarly situated, | |
| Plaintiffs, | Judge: Hon. Vince Chhabria |
| v. | Complaint filed: January 22, 2021 |
| BANK OF AMERICA, N.A., and DOES 1-20, inclusive, | |
| Defendants. | |
| **This document also relates to:** | Case No. 3:21-cv-00572-VC |
| LINDSAY MCCLURE, on behalf of herself and all others similarly situated, | |
| Plaintiff, | |
| v. | Judge: Hon. Vince Chhabria |
| BANK OF AMERICA, N.A., and DOES 1-20, inclusive, | Complaint filed: January 25, 2021 |
| Defendants. | |
| **This document also relates to:** | Case No. 3:21-00615-VC |
| ROLAND OOSTHUIZEN and ROSEMARY MATHEWS, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | Judge: Hon. Vince Chhabria |
| v. | Complaint filed: January 26, 2021 |
| BANK OF AMERICA, N.A., and DOES 1-30, inclusive, | |
| Defendants. | |
| **This document also relates to**: | Case No. 3:21-cv-00699 |
| ROBERT L. WILSON, on behalf of himself and all others similarly situated, | |

|    |                                                                                          |                                  |
|----|------------------------------------------------------------------------------------------|----------------------------------|
| 1  | Plaintiff,                                                                               | Judge: Hon. Vince Chhabria       |
| 2  | v.                                                                                       | Complaint filed: January 28, 2021 |
| 3  | BANK OF AMERICA, N.A., and DOES 1-20, inclusive,                                         |                                  |
| 4  |                                                                                          |                                  |
| 5  | Defendants.                                                                              |                                  |
| 6  | **This document also relates to**:                                                       | Case No. 3:21-cv-00743-VC        |
| 7  | CHRISTOPHER MOSSON, on behalf of himself and all others similarly situated,              |                                  |
| 8  | Plaintiff,                                                                               | Judge: Hon. Vince Chhabria       |
| 9  | v.                                                                                       | Complaint filed: January 29, 2021 |
| 10 | BANK OF AMERICA, N.A., and DOES 1-50, inclusive,                                         |                                  |
| 11 |                                                                                          |                                  |
| 12 | Defendants.                                                                              |                                  |
| 13 | **This document also relates to**:                                                       | Case No. 3:21-cv-00869-VC        |
| 14 | CLARA CAJAS, on behalf of herself and all others similarly situated,                     |                                  |
| 15 | Plaintiff,                                                                               | Judge: Hon. Vince Chhabria       |
| 16 | v.                                                                                       | Complaint filed: February 3, 2021 |
| 17 | BANK OF AMERICA, N.A., and DOES 1-20, inclusive,                                         |                                  |
| 18 |                                                                                          |                                  |
| 19 | Defendants.                                                                              |                                  |

Defendant Bank of America, N.A. ("Defendant" or "BANA") submits this response to Plaintiffs Jennifer Yick, Roland Oosthuizen, and Rosemary Mathews' (together, "Plaintiffs") Motion to Consolidate Related Actions, Appoint Cotchett, Pitre & McCarthy, LLP and Altshuler Berzon LLP as Interim Co-Lead Counsel, and Proposed Executive Committee (the "Motion").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction

The lawsuits that Plaintiffs seek to consolidate (as well as several pending in other districts) relate to massive fraud targeting California's unemployment benefits program that surged at the height of the COVID-19 pandemic. At a time when millions of Californians and other Americans had lost their livelihoods and were relying on government assistance to make ends meet, legions of criminals were exploiting this unprecedented crisis to target government agencies like the California Employment Development Department ("EDD"), resulting in hundreds of thousands of instances of fraudulent unemployment benefits claims, as well as unauthorized access to unemployment benefits that had been distributed to legitimate claimants. BANA, which had been retained by EDD to distribute unemployment benefits to qualifying residents through prepaid debit cards, worked closely with EDD to address the diversion of sorely needed unemployment benefits into the hands of criminals. BANA, in collaboration with EDD, has taken a number of actions, such as freezing suspicious debit card accounts believed to have been either the product of or affected by fraud, and establishing a series of fraud-prevention measures to identify suspected fraudulent activity.

Plaintiffs do not dispute that fraud occurred or that it was rampant; indeed, Plaintiffs allege that they, too, were victims of fraudulent and unauthorized activity on their accounts. *See, e.g.*, *Yick* Compl. ¶¶ 39–41. Instead, Plaintiffs blame BANA for the fraud, while at the same time alleging that EDD's and BANA's fraud-prevention efforts were overbroad, resulting in some legitimate accounts being frozen due to suspicion of fraud. *See, e.g.*, *McClure* Compl. ¶ 20; *Willrich* Compl. ¶ 59.

Because the eight putative class actions that Plaintiffs seek to consolidate involve similar claims and facts, BANA agrees that consolidation for pre-trial purposes (including discovery,

dispositive motions, and class certifications) is appropriate. However, BANA believes it would be premature to consolidate these matters for trial, as discovery will likely reveal a number of factual differences between the claims of each individual plaintiff that may make a consolidated trial unduly cumbersome or prejudicial.

With respect to Plaintiffs' proposal for an executive committee, BANA does not believe that a committee is necessary under these circumstances, where all of the cases to be consolidated involve a number of overlapping facts (except those specific facts that are relevant to each plaintiff's individual account and/or transactions) and issues of law. Allocating responsibilities among ten different firms[1] would defeat the purpose of consolidation, as the efficiencies achieved by consolidation could easily be outweighed by the *in*efficiency of having ten firms involved in strategy and decision-making.

## II. The Cases Should Be Consolidated for Pretrial Purposes Only

BANA agrees that consolidation of these putative class actions is appropriate for pretrial purposes, given that each involves BANA's efforts to protect against the large-scale fraud directed at EDD and legitimate recipients of unemployment benefits. Each of the eight lawsuits raises issues concerning BANA's delivery of EDD benefits and its efforts to combat that fraud, such as freezing debit card accounts suspected of fraud, and responding to claims of fraudulent transactions. Therefore, discovery will no doubt overlap significantly, as each set of plaintiffs will likely seek to depose BANA regarding the same or similar issues. Class certification and dispositive motions in each case will also likely raise similar legal issues, as the claims asserted by each set of plaintiffs largely overlap, and plaintiffs propose to certify a similarly defined class in each case.

However, each plaintiff's case may ultimately turn on the facts specific to their claim, such as any evidence of fraud surrounding each account or transaction in dispute, and whether accounts and any claims made on the accounts are legitimate. In addition to class certification issues such differences may raise, it may not be appropriate to consolidate these eight cases for

---

[1] Plaintiffs ask the Court to appoint two firms as interim Proposed Lead Counsel, and eight other firms to serve on an executive committee.

trial, where a consolidated trial could end up being eight separate mini-trials. Therefore, while BANA agrees that pre-trial consolidation is appropriate, BANA requests that the Court decline (for now) to issue a ruling with respect to consolidation for trial, in order to allow the parties to confer regarding this issue after discovery, class certification, and dispositive motions have been completed, and to submit additional briefing at that time if agreement cannot be reached.[2]

### III. An Executive Committee Is Not Necessary in This Case

BANA does not oppose the appointment of Cotchett, Pitre & McCarthy LLP and Altshuler Berzon LLP as interim Co-Lead Counsel. And although it takes no issue with the qualifications of the other firms in Plaintiffs' proposal, BANA does not believe that an eight-firm executive committee is necessary or appropriate here, where the cases to be consolidated all bring substantially similar legal claims, and a multi-tiered committee could lead to numerous inefficiencies and likely significantly increased costs.

<u>First</u>, Plaintiffs do not point to any differences between the eight lawsuits that would necessitate an eight-firm executive committee—or any committee at all. "Committees are most commonly needed when group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making." Manuel for Complex Litig., § 10.221. The fact that there is more than one group of plaintiffs "is irrelevant if Plaintiffs' interests are not divergent or dissimilar." *Aberin v. Am. Honda Motor Co., Inc.,* 2017 WL 3641793, at *2 (N.D. Cal. Aug. 24, 2017). Courts within this circuit routinely deny requests for appointment of executive committees where a plaintiff fails to demonstrate that such an appointment is necessary. *See, e.g., Aberin,* 2017 WL 3641793, at *2 (finding three-firm committee unwarranted where "Plaintiffs have neither addressed nor demonstrated that the interests of the class diverge or are dissimilar"); *Kamakahi v. Am. Soc. for Reprod. Med.*, 2012 WL 892163, at *3 (N.D. Cal. Mar. 14, 2012) (declining to appoint a three-firm executive committee where plaintiff did not

---

[2] On February 8, 2021, BANA filed a Notice of Pendency of Other Actions or Proceedings Pursuant to Local Rule 3-13 (Dkt. No. 22), notifying the Court of two actions pending in the Central District of California: (1) *Chong v. Bank of America*, 2:20-cv-10052 (C.D. Cal. Nov. 2, 2020) (Aenlle-Rocha, J.); and (2) *Zoelle et al. v. Bank of America, N.A.*, 2:21-cv-00518 (C.D. Cal. Jan. 20, 2021) (Olguin, J). In addition, BANA wishes to alert the Court of a third matter pending in the Eastern District of California that may involve similar questions of law and fact: *Wiggins v. Bank of America, N.A.*, 2:21-cv-00319 (E.D. Cal. Feb. 18, 2021) (England, J.).

"identif[y] any diverse interest among the parties"); *Nicolow v. Hewlett Packard Co.*, 2013 WL 792642, at *9 (N.D. Cal. Mar. 4, 2013) (declining to appoint an executive committee); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2008 WL 2024957, at *2 (N.D. Cal. May 9, 2008) (concluding that there was "no need for an executive committee at this time"); *In re 5-Hour Energy Marketing v. Innovation Ventures, LLC*, 2013 WL 12134144, at *2 (C.D. Cal. Nov. 8, 2013) (concluding "it does not appear that there are different types of claims that could best be pursued by separately-appointed counsel.").

Plaintiffs have pointed to no divergence or dissimilarity in interests between the various groups of plaintiffs or the proposed classes. *See Aberin,* 2017 WL 3641793, at *2 (where there are no divergent interests between the groups of plaintiffs, "an executive committee is not necessary to protect class members' interests in decision-making"). Indeed, it would be difficult for Plaintiffs to do so, given that many of the current complaints contain lengthy sections that appear to have been literally (and liberally) cut and pasted from one another. *Compare, e.g.*, *Yick* Compl. ¶¶ 1–6, 14–40, 46–54 *with Cajas* Compl. ¶¶ 1–6, 14–40, 46–54. Similarly, many of the complaints describe the same proposed class. *Compare Yick* Compl. ¶ 68 *with Wilson* Compl. ¶ 34 *and Willrich* Compl. ¶ 66.[3] Given that it initially appears as if each named plaintiff falls within the proposed class definitions in all of the complaints, these cases could have been brought as a single lawsuit, managed by one set of class counsel, with no need for a committee.[4]

<u>Second</u>, it is difficult to see how the interests of efficiency and economy would be served by the appointment of a committee. It is well known that "[c]ommittees of counsel can sometimes lead to substantially increased costs" and "unnecessary duplication of efforts." Manuel for Complex Litig., § 10.221. Indeed, Judge Breyer denied the appointment of a multi-firm executive committee proposed by the Cotchett firm in part because of "the tendency of

---

[3] Plaintiffs themselves contend that "all of the related actions are brought against Bank of America on behalf of substantially the same proposed class" and "involve the same defendant and similarly defined classes, raise virtually identical legal and factual issues, and seek the same or substantially similar relief." Motion Brief at 1, 2.

[4] In addition, Plaintiffs all reside in California and the related cases were brought in the same district. Thus, the proposed executive committee members will play no "role in navigating any differences due to jurisdiction, location, and law" that might justify their appointment. *Mack v. LLR, Inc.,* 2018 WL 6038349, at *5 (C.D. Cal. Jan. 31, 2018).

shared leadership structures to complicate, muddle, and otherwise bloat litigation." *Nicolow*, 2013 WL 792642, at *9. The cumbersome eight-firm executive committee proposed by Plaintiffs (in addition to two firms serving as Proposed Lead Counsel) would similarly complicate, muddle, and bloat this litigation. Under the proposed structure, there would be more law firms involved in the litigation than there are cases to be consolidated—an overly complicated arrangement that would undermine the very purpose of the proposed consolidation, creating numerous inefficiencies and adding significantly to the costs of both sides. The costs of coordination alone (*e.g.*, conference calls and e-mails between Proposed Lead Counsel and the firms on the proposed executive committee) could far exceed the efficiency-savings of consolidation. It makes little sense to consolidate eight cases only to turn around and divvy up responsibilities between just as many different firms.

Plaintiffs cite to just three instances in which a court appointed a large multi-firm executive committee like the one they propose. *See* Motion Brief at 13–14. But all three cases are multi-district litigations that bear little resemblance to this case in size, complexity, or scope. For example, in *In re Volkswagen Litigation*, plaintiffs brought hundreds of individual actions in multiple district courts across multiple states. *See* Consolidated Consumer Class Action Complaint, *In re Volkswagen "Clean Diesel" Mktg., Sales Prac., and Prod. Liab. Litig.,* 3:15-md-02672-CRB (N.D. Cal. Feb. 22, 2016) (ECF No. 1230). Here, in contrast, Plaintiffs propose to consolidate only eight cases, all pending in the same district. Therefore, an eight-firm executive committee is unnecessary—particularly in light of the qualifications of interim Proposed Co-Lead Counsel, who are well-equipped to manage this case on their own—and would create inefficiencies that could materially increase the costs of this case.

**IV.      Conclusion**

For the reasons stated above, BANA respectfully requests that the Court consolidate these cases for pretrial purposes only. BANA further requests that the Court decline to appoint an executive committee.

Dated: February 26, 2021                Respectfully Submitted,


                                        By: */s/ Laura A. Stoll*
                                            Laura A. Stoll
                                            *LStoll@goodwinlaw.com*
                                            **GOODWIN PROCTER LLP**
                                            601 South Figueroa Street, 41st Floor
                                            Los Angeles, California  90017
                                            Tel.: +1 213 426 2500
                                            Fax: +1 213 623 1673

                                            DAVID ROSSITER CALLAWAY
                                            *DCallaway@goodwinlaw.com*
                                            **GOODWIN PROCTER LLP**
                                            601 Marshall Street
                                            Redwood City, California  94063
                                            Tel.: +1 650 752 3100
                                            Fax: +1 650 853 1038

                                            BARRY W. LEE (SBN 088685)
                                            *bwlee@manatt.com*
                                            **MANATT PHELPS & PHILLIPS LLP**
                                            One Embarcadero Center, 30th Floor
                                            San Francisco, California 94111
                                            Tel.: +1 415 291 7450
                                            Fax: +1 415 291 7474


                                            *Attorneys for Defendant BANK OF AMERICA, N.A.*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the clerk of the court for the United States District Court for the Northern District of California by using the CM/ECF system on February 26, 2021. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system. I certify under penalty of perjury that the foregoing is true and correct.

Executed:   February 26, 2021         /s/ *Laura A. Stoll*