UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER YICK, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BANK OF AMERICA, N.A.,<br><br>    Defendant. | Case No. 21-cv-00376-VC<br><br>**ORDER RE PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 64 |

    Because of the time-sensitivity involved, this ruling assumes that the reader is familiar with the applicable legal standards, the parties' arguments, the evidence in the record, and the discussion that took place at the preliminary injunction hearing on May 13, 2021.

    1. The plaintiffs have demonstrated a strong likelihood of success on their claims that Bank of America (BofA) has violated, and continues to violate, the Electronic Fund Transfers Act by failing to conduct an adequate, good faith investigation when cardholders report unauthorized charges, and often simply freezing cardholder accounts based on a faulty screening process. 15 U.S.C. § 1693f. This has resulted (and will likely continue to result) in the improper denial of cardholders' reimbursement claims for unauthorized charges, the unlawful deprivation of provisional credits for such charges, and the inability to access benefits to which cardholders are entitled. For similar reasons, the plaintiffs have demonstrated a strong likelihood of success on their claims that BofA is systematically breaching its contracts with cardholders and violating California's Unfair Competition Law.

    2. Provisional certification of a class of all cardholders who call to report unauthorized charges to their accounts is warranted for purposes of a preliminary injunction. *See, e.g.*, *Zepeda*

*Rivas v. Jennings*, 445 F. Supp. 3d 36, 39 (N.D. Cal. 2020); *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1201-05 (N.D. Cal. 2017), *affirmed as Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018).

3. BofA is wrong to argue that the named plaintiffs or the class are categorically barred from obtaining interim relief. There is Article III standing because many of the named plaintiffs were being injured by the conduct described in Section 1 at the time they filed their lawsuits, and some of the named plaintiffs continue to suffer injury today. *Buckeye Tree Lodge v. Expedia, Inc.*, 2020 WL 5372246, at *2 (N.D. Cal. Sept. 9, 2020); *see Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 184 (2000). And the evidence presented by BofA in response to this preliminary injunction motion does not refute the plaintiffs' strong showing that class members are likely to suffer similar violations in the future.

4. The harm being suffered by the class members is irreparable. The class is comprised of people who depend on unemployment benefits to get through the pandemic. As the plaintiffs' evidence shows, continued denial of these benefits will seriously hinder the ability of many class members to feed their families and keep a roof over their heads. Thus, although the general rule is that financial harm is not "irreparable" (because plaintiffs can generally recoup the money if they ultimately prevail), this is precisely the type of case where the exception to the general rule applies. Just as companies can establish irreparable harm by showing that losing money will likely cause them to shut down, human beings can establish irreparable harm by showing that losing wages or benefits will likely cause them to be evicted, go hungry, or be denied necessary medical care. *Cf. Carrillo v. Schneider Logistics, Inc.*, 823 F. Supp. 2d 1040, 1045 (C.D. Cal. 2011) ("Because plaintiffs are low-wage workers, and lost wages or delays in compensation threaten or impair their ability to meet basic needs, such harms are irreparable."); *see also United Steelworkers of America, AFL-CIO v. Fort Pitt Steel Casting, Division of Conval-Penn, Division of Conval Corp.*, 598 F.2d 1273, 1280 (3d Cir. 1979).[1]

---

[1] In some cases involving wages or benefits, courts have intoned the general rule about financial injury without acknowledging the exception, perhaps because the exception did not apply on

5. The balance of hardships and the public interest almost certainly support some form of preliminary injunctive relief. *See, e.g.*, *Golden Gate Restaurant Association v. City & County of San Francisco*, 512 F.3d 1112, 1126 (9th Cir. 2008) ("'Faced with . . . a conflict between financial concerns and preventable human suffering, we have little difficulty concluding that the balance of hardships tips decidedly' in favor of the latter." (quoting *Lopez v. Heckler*, 713 F.2d 1432, 1437 (9th Cir. 1983))). But it ultimately depends on the nature of the relief sought. At the hearing, the Court suggested that the parties participate in a settlement conference with a Magistrate Judge to carefully review and discuss the plaintiffs' proposed preliminary injunction to ensure that it does not interfere with BofA's operations more than is necessary to sufficiently minimize the risk of innocent cardholders being improperly deprived of their benefits, and also to carefully review and discuss the proposed injunction to ensure that it does not unduly hinder BofA from freezing the accounts of people who are likely to have obtained their cards through fraud. Both sides accepted this invitation. Accordingly, the case is referred to Judge Sallie Kim for a settlement conference to take place on May 26 and May 27, 2021. The parties are ordered to work as much as possible before the conference, including with one another, to maximize the chances of coming out of the conference with a joint proposal. A joint proposal or competing proposals should be filed with the Court no later than May 28. As stated at the hearing, BofA's participation in this conference, which is designed primarily to ensure that any relief ordered is not overbroad, does not constitute a waiver of its right to challenge the validity any preliminary injunction that is ultimately issued.

---

those facts. *See, e.g.*, *Hale v. Wood*, 89 F.3d 840 (8th Cir. 1996) ("Hale failed to establish a threat of irreparable harm because the injuries he alleged as the basis for his claim for relief—wrongfully withheld wages, statutorily inadequate wages, and termination of his work assignment—were compensable through his section 1983 claim for money damages."); *Johnson v. City of San Francisco*, 2010 WL 3078635, at *3 (N.D. Cal. Aug. 5, 2010) ("Lost wages alone do not constitute a claim for irreparable harm as money damages would be sufficient to remedy the wrong should one ultimately be found to have been committed."); *see also Ahuruonye v. U.S. Department of Interior*, 312 F. Supp. 3d 1, 23-24 (D.D.C. 2018). But those cases should not be read to suggest that the loss of wages or benefits can never constitute irreparable harm. When a case involves the deprivation of wages or benefits to low-income people living hand to mouth, a preliminary injunction may well be warranted (depending, of course, upon the strength of the plaintiffs' claims on the merits and other factors).

**IT IS SO ORDERED.**

Dated: May 17, 2021

_____
VINCE CHHABRIA
United States District Judge