UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER YICK, et al.,<br><br>                Plaintiffs,<br><br>        v.<br><br>BANK OF AMERICA, N.A.,<br><br>                Defendant. | Case No.  21-cv-00376-VC<br><br>**PRELIMINARY INJUNCTION**<br>Re: Dkt. Nos. 64, 100 |

With the assistance of Magistrate Judge Kim, the plaintiffs and defendants worked together to craft preliminary injunction language that is designed to protect the class members from future harm while minimizing disruption to the defendant's operations. This language is an improvement over what was presented by the plaintiffs in support of their motion. The hardship to the defendant from this injunction is outweighed by its benefits to the class members. The injunction is also in the public interest. Accordingly, in accordance with the language submitted by the parties, and for the reasons discussed in the order issued on May 17, 2021:

Bank of America, N.A. (the "Bank"), and the Bank's officers, directors, agents, employees, representatives, and all persons acting under, in concert or participation with, or for them ("Defendant") are preliminarily enjoined in the administration of prepaid debit cards for Employment Development Department ("EDD") unemployment or disability benefits issued by Defendant to members of the certified class as follows:

(1) Defendant shall be prohibited from considering the results of the Bank's initial automated claims fraud filter (Claim Fraud Filter) in investigating or resolving unauthorized transaction error claims (*see* 12 C.F.R. 1005.11) (Claims).

(2) a.  Defendant shall be prohibited from denying or closing Claims or denying provisional or permanent credit to claimants' accounts without conducting and concluding an investigation into the alleged unauthorized transaction, pursuant to EFTA and Regulation E.

b.  Defendant shall be prohibited from denying or closing claims without providing the claimant a written explanation of the findings of its investigation, pursuant to EFTA and Regulation E.

(3)  Defendant shall not consider the results of the Bank's Claim Fraud Filter as a basis for freezing card accounts of any Class Member.

(4)  a.  Beginning ten (10) days after the entry of this Order, Defendant shall reopen any Claim that it closed or denied based solely upon the results of its Claim Fraud Filter and that it has not previously paid or previously reopened and investigated (Previously Closed Claim). Defendant may stagger the reopening of such Claims in roughly equal amounts over thirty (30) additional days.

b.  For Previously Closed Claims filed by a class member who has not yet authenticated their identity through either EDD (in the knowledge of the Bank) or the Bank, Defendant shall, within ten (10) days of reopening, and thereafter at least weekly for five weeks, send the class member a written notice (by mail and email, if available) explaining the basis for the original denial; that the claim has been reopened; what steps they need to take to authenticate their identity (which may include presenting identification at a Bank branch or by calling the dedicated toll free number for the Fraud Call Center referred to in paragraph 9); that if they do not authenticate their identity within 45 calendar days of the original notice, the claim will be denied; and that if they authenticate their identity, the Bank will commence and complete the investigation and resolve the claim within 45 calendar days of the authentication and, if such claim has not been resolved within 10 business days of the authentication, provide provisional credit in the amount of the alleged error(s) to the account.  Persons subject to this Paragraph 4(b) are subject to Paragraph 5(a) if they authenticate.

(5)   a.  For Previously Closed Claims that were filed by a class member who has

authenticated their identity through either EDD (in the knowledge of the Bank) or the Bank, Defendant shall complete the investigation and resolve the claim within 45 calendar days of the entry of this Order (or of the date the class member authenticates their identity, if later) and, if the claim has not been resolved within 10 business days of the entry of this Order (or of the date the class member authenticates their identity, if later), provide provisional credit in the amount of the alleged error(s).

b. For any Previously Closed Claims that were filed by a class member who has authenticated their identity through either EDD (in the knowledge of the Bank) or the Bank, but the Claim has never been reopened, Defendant shall reopen such Claim within ten (10) days of the entry of this Order and Defendant shall complete the investigation and resolve the claim within 45 calendar days of reopening and, if the claim has not been resolved within 10 business days of reopening, provide provisional credit in the amount of the alleged error(s).

(6)  In addition to Claims that Defendant reopens pursuant to paragraphs 4 and 5(b), Defendant shall, upon request from the affected cardholder, reopen any Claim that it closed or denied on or after January 1, 2020.

(7)  Within 10 days of the entry of this Order (by mail and email, if available) or after the date of the blocking (by mail, within three (3) business days, and email, if available, within one (1) business day), whichever is later, Defendant shall give written notice to class members whose accounts are blocked solely based upon its Claims Fraud Filter that explains that the Bank will promptly unblock their account if the class member authenticates their identity. The written notice shall explain: the basis for the previous block; what steps the class member needs to take to authenticate their identity (which may include presenting identification at a Bank branch or by calling the dedicated toll free number at the Fraud Call Center referred to in paragraph 9); that if they do not authenticate their identity, their account will remain blocked or will be closed; and that they have the right to ask EDD to issue future benefits payments by paper check instead of by the Bank Debit Card.

(8)  Defendant shall:

a. As soon as practicable, and in no event later than twenty (20) days of the entry of this Order, establish a dedicated toll-free number to enable class members to directly reach the Claims Initiation Call Center, which shall be staffed by customer service representatives (CSRs) who are trained to handle Claims intake;

b. Within thirty (30) days of the entry of this Order, the Claims Initiation Call Center hours to receive calls shall consist of at least fourteen (14) hours on weekdays and ten (10) hours on Saturdays, which shall be expanded within forty-five days of the entry of this Order to include ten (10) hours on Sundays, and expanded within sixty days of the entry of this Order to include 24 hours per day, 7 days per week coverage; and

c. As soon as practicable after the establishment and successful testing of the dedicated toll-free number for the Claims Initiation Call Center, but in no event later than ten (10) days thereafter, and at least monthly thereafter, provide written notices (by mail and email, if available) to all class members regarding the available toll free number and providing the information in paragraphs 6, and (8)(a) and (b).

(9) Defendant shall:

a. As soon as practicable, and in no event later than twenty (20) days after the entry of this Order, establish a dedicated toll-free number to enable class members to directly reach the Fraud Call Center, which shall be available 24 hours per day, 7 days per week, and which shall be staffed by CSRs who are trained to authenticate identity and resolve challenges to blocked accounts.

b. As soon as practicable after the establishment and successful testing of the dedicated toll-free number for the Fraud Call Center, but in no event later than ten (10) days thereafter, and thereafter at least weekly, provide written notice (by mail and email, if available) to all class members whose accounts are blocked of the availability of this dedicated toll-free number.

(10) Defendant shall, within 20 days of the entry of this Order:

a. Staff the Claims Initiation Call Center and Fraud Call Centers, such that the average speed to answer calls from Class Members for these centers is no more than five minutes, 90% of

the time, separately measured for the Claims Initiation and Fraud Call Centers and based on all callers to such centers (rather than just calls by Class Members).

b. Train and require CSRs in the Claims Initiation Call Center to request email contact information from a claimant at the time a claim is filed (if email is not already available for that claimant), so that the Bank may use that information to contact the claimant regarding authentication, if and to the extent this is consented to by EDD.

c. Train and require CSRs in the Fraud Call Center to immediately inform cardholders who are unable to authenticate their identity by phone that they have the option of authenticating their identity at a Bank branch.

(11) Within 10 business days of the entry of this Order, Defendants shall provide email and mail notice to all Class Members of their rights under paragraphs (1) through (7) of this Order.

(12) Paragraphs 2 and 4 of this Order shall not apply to,

a. Claims made with respect to accounts that EDD has found to be disqualified or not entitled to benefits, or has requested an account freeze; or

b. Claims made with respect to accounts that Defendant has frozen or blocked based on (i) receipt of legal process or (ii) information provided or made available by law enforcement, or (iii) the outcome of an investigation of suspicious facts and circumstances related to an individual cardholder developed independent of the Claim (if such cardholder has been sent a notice that the action has occurred and a statement of what the cardholder can do in response).

Defendant shall implement the requirement of paragraph 1 as soon as practicable but in no event more than seven (7) days from the entry of this Order.

There shall be no bond required.

**IT IS SO ORDERED.**

Dated: June 2, 2021

_____

VINCE CHHABRIA
United States District Judge